UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | CASE NO. 4:16-CR-370 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Defendant's Motion for Reconsideration.  (ECF #67.)  Defendant previously moved the Court for a reduction in sentence based on § 2582(c)(1)(A), colloquially known as compassionate release.  (ECF #60.)  The Government opposed that motion (ECF #64) and Defendant replied.  (ECF #65.)  On January 11, 2024, the Court denied Defendant's compassionate release motion.  (ECF #66.)

The Court denied Defendant's compassionate release motion on the basis that whether trafficking in marijuana qualified as a predicate offense for a finding that Defendant was a career offender under the Sentencing Guidelines was moot because Defendant had two other predicate offenses.  Thus, his Criminal History Category would not change.  *Id.*  Defendant requests the Court reconsider its decision on the basis that he presented two other bases for consideration when he checked boxes on the preprinted form motion corresponding to serious medical conditions that impair Defendant's ability to self-care within his correctional facility, and "other extraordinary and compelling reasons for [his] release."  (ECF #67; ECF #60.)

1

### LAW & ANALYSIS

A motion for reconsideration is typically construed as a motion filed under Fed.R.Civ.P. 59.  Federal Rule of Civil Procedure 59(e) allows "the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008).  The Rule "permits district courts to amend judgments where there is '(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *United States v. Reeves,* 2013 U.S. Dist. LEXIS 174031, 2013 WL 6507353, *1 (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)).  While not brought neatly under this rubric, Defendant appears to seek reconsideration of what Defendant believes is an incomplete ruling.

Defendant's motion provided no factual matter or substantive argument related to any issues other than Amendment 821 to the Sentencing Guidelines and its relationship to Defendant's marijuana trafficking conviction.  Accordingly, the Court did not meaningfully evaluate arguments raised by checkbox only.  While filings of *pro se* litigants are to be liberally construed, the Court may not conjure unstated facts and fill in the blanks for those litigants.  *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that holding otherwise would "transform the district court . . . to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

Accordingly, the Court will not reconsider its denial of unsubstantiated arguments by checkbox for a reduction in sentence.  Defendant's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

/s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: July 1, 2024**